## INTERNATIONAL ACCOUNTANTS SOC., Inc., v. BONER.

### No. 2239.

Court of Civil Appeals of Texas. Beaumont.

June 6, 1932.

Rehearing Denied June 8, 1932.

C. W. Wiedemann, of Beaumont, for appellant.

Howell & Howell, of Beaumont, for appellee.

## WALKER, J.

This suit originated in the justice court of Jefferson county, and was an action by appellant, International Accountants Society, Inc.; against appellee, H. L. Boner, upon a contract and note to recover the principal sum of $115. Appellee answered by pleas of material alteration by appellant of the instrument sued upon and failure of consideration, and by way of cross-action to recover $40 paid by him to appellant as part consideration for the contract at the time it was executed. In justice court, judgment was in favor of appellant, but, upon appeal to county court, judgment was in favor of appellee for the cancellation of the contract and note and for the $40, upon the jury's verdict that appellant materially altered the contract or note, and that there was a failure of consideration for the execution of these instruments, and that he was entitled to the return of the $40.

The contract and note were executed by appellee for a correspondence course in accounting, to be given him by appellant at the price of $150, of which $40 was paid when the contract and note were executed. The exact nature of the course in accounting to be taken by appellee was not set out in the contract, but over appellant's objections he testified on the trial that it was to be a course in advanced accounting; that at the time of the execution of the contract he explained to appellant's agent that he was an experienced bookkeeper and did not want lessons in elementary accounting. After the contract and note had been executed at Beaumont, Tex., and forwarded to and received by appellant at its Chicago office, it indorsed on the contract a statement to the effect that appellee was to begin with elementary accounting, and, in fact, the first ten lessons furnished appellee covered only elementary accounting. Appellee refused to prosecute the course of study furnished him by appellant, repudiated his contract, and returned all lessons and other data furnished him by appellant, whereupon this suit was instituted.

## Opinion.

The facts stated raised the issue of failure of consideration and material alteration of the instruments. As the contract did not state the exact nature of the course in accounting to be given by appellant, it was permissible to develop this issue by oral testimony, which, when offered by appellee, was not subject to the objection urged by appellant that it was an attempt to vary a written instrument by a parol contemporaneous agreement. Having contracted, according to appellee's testimony, to teach him a course in advanced accounting, the issue of failure of consideration was raised when appellant attempted, and persisted in its attempt, to furnish a course in elementary accounting. Then, as the contract did not specify the character of the course in accounting to be furnished, it was a material alteration by appellant to indorse upon the contract the statement that appellee was to be taught elementary accounting.

The question, "Please state if there is anything else material to the issue in this suit, which you have not stated, you may state same," propounded by appellant to its witness A. G. Metcalf, was subject to the objection urged by appellee and sustained by the court that it was "too vague and general."

Appellant has called our attention to certain written statements made by appellee in his correspondence with appellant. However, as it did not plead the issues of ratification and estoppel, this testimony only raised an issue against the theory of the case testified to by appellee upon the trial.

Appellant also urged certain propositions of error against the charge. These cannot be considered, because, on the trial, no exceptions of any kind were reserved against the charge by either party.

The verdict of the jury having full support, it follows that appellee was, not only entitled to a cancellation of the note and contract sued upon, but also to recover back the $40 paid by him at the time the contract was executed. Since appellant's assignments and propositions do not constitute reversible error, the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.